**1:25-cr-00717**
**Judge Lindsay C. Jenkins**
**Magistrate Judge Maria Valdez**
**RANDOM/ CAT.3**






UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERIC SANDERS | No.<br><br>Violations: Title 18, United States Code, Section 371, and Title 26, United States Code, Sections 7201 and 7206(1) |

**COUNT ONE**

The SPECIAL APRIL 2025 GRAND JURY charges:

1. At times material to this indictment:

a. The Internal Revenue Service ("IRS") was part of the United States Department of the Treasury and, among other things, was responsible for administering the tax laws of the United States and collecting taxes from individuals and entities.

b. Individual taxpayers were required to file an annual United States Individual Income Tax Return, Form 1040, including schedules and attachments, with the Internal Revenue Service by a date certain, if the individual's gross income exceeded certain specified amounts. A taxpayer's total income included income received from a business or sole proprietorship. If a taxpayer failed to accurately report or pay his or her tax liability, the IRS could attempt to calculate, assess, and collect the correct tax liability.

c. Defendant ERIC SANDERS was a resident of the Northern District of Illinois, and was an employee of the City of Chicago Department of

Aviation, overseeing snow removal operations at O'Hare International Airport (ORD).

d. Individual A was a resident of the Northern District of Illinois, and was SANDERS's girlfriend.

e. Individual B was a resident of the Northern District of Illinois, and was Individual A's father.

f. Individual C was a resident of the Northern District of Illinois, and was a student and Individual A's son.

g. Company 1 was a limited liability corporation doing business in the State of Illinois, which performed snow removal services for the City of Chicago at ORD, which services were overseen and coordinated by SANDERS.

h. Nominee Company A subcontracted with Company 1 to provide equipment to perform snow removal services. From approximately October 2016 until approximately April 2017, Individual B purported to own Nominee Company A.

i. Nominee Company B subcontracted with Company 1 to provide equipment to perform snow removal services. From approximately October 2017 until approximately April 2023, Individual C purported to own Nominee Company B.

2. From between approximately March 2016 and April 2017, Nominee Company A received payments from Company 1 for purported snow removal subcontracting services that totaled approximately $33,932, which payments were intended to benefit SANDERS.

3. From between approximately May 2017 and March 2022, Nominee Company B received payments from Company 1 for purported snow removal subcontracting services that totaled approximately $232,768.75, which payments were intended to benefit SANDERS.

4. Between in or around March 2016 through in or around March 2022, SANDERS, and not Individual B or Individual C, controlled Nominee Company A and Nominee Company B.

5. Between in or around 2016 and continuing through on or about October 19, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC SANDERS,

defendant herein, did willfully and knowingly conspire and agree with Individual A, and others known and unknown to the Grand Jury, to defraud the United States by impeding, impairing, obstructing and defeating the lawful government functions of the Department of Treasury, in particular, the Internal Revenue Service, in the ascertainment, computation, assessment, and collection of the revenue: specifically, income taxes.

6. It was part of the conspiracy that SANDERS used nominees to receive income on his behalf from Company 1 to avoid disclosing SANDERS's interest in these entities and reduce the taxes that would be collected by the IRS for income earned by SANDERS.

7. It was further part of the conspiracy that SANDERS and Individual A caused Nominee Company A and Nominee Company B to enter into "equipment lease

agreements" with Company 1 so that SANDERS could conceal payments from Company 1 through Nominee Company A and Nominee Company B.

8. It was further part of the conspiracy that SANDERS caused Company 1 to send money owed to SANDERS to Nominee Company A and Nominee Company B in order to conceal SANDERS's receipt of income from and connection to Company 1.

9. It was further part of the conspiracy that, for tax years 2018, 2020, 2021, and 2022, SANDERS and Individual A caused to be filed individual income tax returns (Forms 1040 with schedules and attachments) for Individual C that falsely claimed Nominee Company B had earned income from Company 1, and falsely claimed expense deductions for Nominee Company B, in order to reduce the taxable income reported on those returns.

10. It was further part of the conspiracy that, in order to conceal his receipt of income from Company 1, SANDERS did not report any income from Nominee Company B on his individual income tax returns for tax years 2018, 2020, 2021, and 2022 to the IRS, and did not file an individual income tax return for tax year 2019.

11. It was further part of the conspiracy that SANDERS and Individual A misrepresented, concealed and hid, and caused to be misrepresented, concealed, and hidden, the purposes of, and acts done in furtherance of, the conspiracy.

**Overt Acts**

12. It was further part of the conspiracy that SANDERS and Individual A committed one or more of the following acts, among others, in furtherance of and to effect the objects of the conspiracy:

a. On or about November 1, 2016, SANDERS and Individual A caused Company 1 to enter into an "equipment lease agreement" with Nominee Company A.

b. On or about October 18, 2017, SANDERS and Individual A caused Company 1 to enter into an "equipment lease agreement" with Nominee Company B.

c. On or about October 10, 2018, SANDERS and Individual A caused Company 1 to enter into an "equipment lease agreement" with Nominee Company B.

d. On or about September 3, 2019, SANDERS and Individual A caused Company 1 to enter into an "equipment lease agreement" with Nominee Company B.

e. On or about November 11, 2020, SANDERS and Individual A caused Company 1 to enter into an "equipment lease agreement" with Nominee Company B.

f. On or about October 4, 2021, SANDERS and Individual A caused Company 1 to enter into an "equipment lease agreement" with Nominee Company B.

g. On or about November 1, 2022, SANDERS and Individual A caused Company 1 to enter into an "equipment lease agreement" with Nominee Company B.

h. SANDERS provided a tax return preparer with records that underreported his income for calendar year 2018, knowing that such information would be used to prepare his income tax returns, and falsely represented to that same

tax return preparer that the income from Company 1 was Individual C's income, when in reality, it was SANDERS's income.

i. On or about April 16, 2019, SANDERS and Individual A caused to be filed with the IRS a 2018 individual tax return for Individual C that reported income Nominee Company B had obtained from Company 1 and included false expense deductions for Nominee Company B that exceeded the income obtained from Company 1.

j. On or about November 4, 2019, SANDERS caused to be filed with the IRS a 2018 individual tax return that contained false statements about his income in that he failed to report any income from Company 1.

k. SANDERS provided a tax return preparer with records that underreported his income for calendar year 2019, knowing that such information would be used to prepare his income tax returns, and falsely represented to that same tax return preparer that the income from Company 1 was Individual C's income, when in reality, it was SANDERS's income.

l. SANDERS provided a tax return preparer with records that underreported his income for calendar year 2020, knowing that such information would be used to prepare his income tax returns, and falsely represented to that same tax return preparer that the income from Company 1 was Individual C's income, when in reality, it was SANDERS's income.

m. On or about May 17, 2021, SANDERS and Individual A caused to be filed with the IRS a 2020 individual tax return for Individual C that reported

income that Nominee Company B had obtained from Company 1 and included false expense deductions for Nominee Company B that exceeded the income obtained from Company 1.

n. On or about May 17, 2021, SANDERS caused to be filed with the IRS a 2020 individual tax return that contained false statements about his income in that he failed to report any income from Company 1.

o. SANDERS provided a tax return preparer with records that underreported his income for calendar year 2021, knowing that such information would be used to prepare his income tax returns, and falsely represented to that same tax return preparer that the income from Company 1 was Individual C's income, when in reality, it was SANDERS's income.

p. On or about October 17, 2022, SANDERS and Individual A caused to be filed with the IRS a 2021 individual tax return for Individual C that reported income that Nominee Company B had obtained from Company 1 and included false expense deductions for Nominee Company B.

q. On or about October 17, 2022, SANDERS caused to be filed with the IRS a 2021 individual tax return that contained false statements about his income in that he failed to report any income from Company 1.

r. SANDERS provided a tax return preparer with records that underreported his income for calendar year 2022, knowing that such information would be used to prepare his income tax returns, and falsely represented to that same

tax return preparer that the income from Company 1 was Individual C's income, when in reality, it was SANDERS's income.

s. On or about April 14, 2023, SANDERS and Individual A caused to be filed with the IRS a 2022 individual tax return for Individual C that reported income that Nominee Company B had obtained from Company 1 and included false expense deductions for Nominee Company B that exceeded the income obtained from Company 1.

t. On or about October 19, 2023, SANDERS caused to be filed with the IRS a 2022 individual tax return that contained false statements about his income in that he failed to report any income from Company 1.

All in violation of Title 18, United States Code, Section 371.

**COUNT TWO**

The SPECIAL APRIL 2025 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. SANDERS failed to file an individual income tax return for the calendar year 2019 on or before an extension due date of October 15, 2020.

3. On or about January 1, 2019, and continuing through on or about April 21, 2020, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC SANDERS,

defendant herein, did willfully attempt to evade and defeat the federal income tax due and owing by him to the United States for the calendar year 2019, by committing the following affirmative acts, among others:

a. During calendar year 2019, SANDERS created fraudulent invoices on behalf of Nominee Company B that were submitted to Company 1 for payment, and were paid by Company 1 for services purportedly provided;

b. The payments from Company 1 to Nominee Company B were deposited into a bank account for which Individual A was a signatory, in order for SANDERS to conceal and avoid reporting the income to the Internal Revenue Service, as set forth below:

| **Check Date** | **Amount** |
|---|---|
| 2/5/2019 | $4,350.00 |
| 3/11/2019 | $27,025.00 |
| 4/4/2019 | $3,000.00 |

| | |
|---|---|
| 4/4/2019 | $14,575.00 |
| 5/31/2019 | $7,400.00 |
| 6/26/2019 | $1,500.00 |

c. SANDERS provided his tax return preparer with records that underreported his income for calendar year 2019 and SANDERS falsely represented to his tax return preparer his sources of income for calendar year 2019; and

d. On or about April 21, 2020, SANDERS filed a false Statement of Financial Interests Filing form with the City of Chicago in order to conceal from the City of Chicago his receipt of income in calendar year 2019 from Company 1;

In violation of Title 26, United States Code, Section 7201.

**COUNT THREE**

The SPECIAL APRIL 2025 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. On or about November 4, 2019, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC SANDERS,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2018, which return was verified by a written declaration that it was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that the return falsely stated on Line 6 that the total income was $170,475, when defendant knew and believed that the amount of total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

**COUNT FOUR**

The SPECIAL APRIL 2025 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. On or about May 17, 2021, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC SANDERS,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2020, which return was verified by a written declaration that it was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that the return falsely stated on Line 9 that the total income was $171,482, when defendant knew and believed that the amount of total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

**COUNT FIVE**

The SPECIAL APRIL 2025 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. On or about October 17, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC SANDERS,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2021, which return was verified by a written declaration that it was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that the return falsely stated on Line 9 that the total income was $196,170, when defendant knew and believed that the amount of total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

**COUNT SIX**

The SPECIAL APRIL 2025 GRAND JURY further charges:

1. The allegations in paragraph 1 of Count One are incorporated here.

2. On or about October 19, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

ERIC SANDERS,

defendant herein, willfully made and subscribed, and caused to be made and subscribed, a United States Individual Income Tax Return (Form 1040 with schedules and attachments) for the calendar year 2022, which return was verified by a written declaration that it was made under penalties of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that the return falsely stated on Line 9 that the total income was $209,689, when defendant knew and believed that the amount of total income substantially exceeded that amount;

In violation of Title 26, United States Code, Section 7206(1).

A TRUE BILL:

____________________________
FOREPERSON

________________________________________
Signed by Sarah E. Streicker on behalf of the
UNITED STATES ATTORNEY